IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS SAVAGE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | 5 : 06-CV-196 (CAR) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on June 9, 2006, challenging the Commissioner's final decision denying his application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed an application for disability benefits in January 2003, alleging disability since August 2, 2002, due to bipolar disorder, attention deficit disorder, anxiety, allergies, bursitis, right shoulder pain, asthma, joint pain, and skin rash. His application was denied initially and upon reconsideration. Following a hearing, the ALJ determined that the plaintiff was not disabled, "notwithstanding his alcohol abuse". R. at 31. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ improperly evaluated his credibility, erred in according weight to physicians' opinions, and failed to fully develop the record.

At the time of the hearing before the ALJ, the plaintiff was forty-six (46) years of age and a college graduate, with past relevant work experience as a telephone insurance adjuster, copy

machine salesperson, mobile home salesperson, a carpet company owner, and a food industry sales representative.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*Credibility*

The plaintiff initially argues that the ALJ improperly evaluated his credibility, basing a credibility determination on several mistakes of fact. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity

2

of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992); Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

The ALJ determined that the plaintiff suffered from severe impairments in the form of bipolar disorder, alcohol abuse disorder, and status post single episode of renal failure. He went on to find that the plaintiff could not return to his past relevant work, and thereafter relied on the Medical-Vocational Guidelines and the testimony of a Vocational Expert to determine that the plaintiff could engage in other work which existed in significant numbers in the national economy.

The plaintiff asserts that the ALJ based his credibility determinations in large part on his belief that the plaintiff had in the past and continued in the present to abuse alcohol. At the end of his discussion of plaintiff's credibility and his alleged mental impairments, the ALJ stated that

> [f]ollowing the hearing, we received the medical records regarding the claimant's two-day psychiatric hospitalization in December 2004. These confirmed my suspicions about the claimant's alcohol abuse. Contrary to his story that the medical staff agreed that he had no meaningful alcohol problems, these records actually indicate that he had a very significant problem with alcohol, and was, in fact, alcohol dependent, and refused to accept any responsibility for his own actions. This information greatly damages the claimant's credibility, especially in view of his continuing alcohol use.

R. at 28.

The plaintiff maintains, and the Commissioner admits, that the ALJ mistakenly identified these records as dated December 2004, when they were actually dated December 2000. Additionally, the plaintiff points to other errors of fact in the ALJ's analysis.

3

A review of the ALJ's decision reveals that the ALJ focused on and spent a great deal of time discussing his perception of the plaintiff's alcohol use. The ALJ discounts the plaintiff's bipolar disorder, including the conclusion of a state agency examiner that the plaintiff could not sustain himself in any occupation for any extended period of time, finding that "[i]t seems pretty clear to me, however, that the psychological examiner was bamboozled by the claimant." R. at 24. After a lengthy discussion of his views on the plaintiff's credibility, including a focus on the plaintiff's use of alcohol and the fact that he worked for an insurance company for two and one-half years, the ALJ concluded that the plaintiff retained the residual functional capacity for light work. The ALJ's decision contains little meaningful analysis of the records of plaintiff's mental condition and his ability to perform substantial gainful activity. Rather, the ALJ concludes as to nearly every medical professional's opinion, with no apparent support, that he or she was obviously unaware of the plaintiff's ongoing use of alcohol and that the medical opinions were therefore of little value. The record contains diagnoses of bipolar disorder from treating and examining physicians, some of whom opine that the plaintiff is incapable of maintaining substantial gainful activity. R. at 271-78, 326-332, 384-385. The ALJ makes much of his conclusion that because the plaintiff worked for an insurance company for two and one-half years, plaintiff's assertions that he had been unable to hold a job for an extended period of time were false. However, as the record reveals, the plaintiff has held more than twenty-five (25) jobs in twenty (20) years. Additionally, the ALJ states that "with respect to his mental condition, the claimant fed the doctors a line about not being able to receive mental health treatment because he had no health insurance. However, as I have previously noted, the claimant has never made any attempt to go to the local River Edge clinic, where he would receive excellent free or low cost

4

mental health treatment." R. at 29.  As the plaintiff points out, however, he testified to living outside of the area that would have qualified him for treatment at River Edge.  R. at 778.

It is well established that if the Commissioner discredits a claimant's testimony of disabling symptoms or conditions, "he must articulate explicit and adequate reasons".  <u>Cannon v. Bowen</u>, 858 F.2d 1541, 1545 (11th Cir. 1988).  Herein, the ALJ failed to provide adequate reasons to discredit the plaintiff's testimony.  Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g) for further development of the record.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 5th day of September, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE