IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| THOMAS SAVAGE | : | |
| Plaintiff, | : | |
| v. | : | **Civil Action No.** |
| | : | **5:06-CV-196 (CAR)** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER ON MOTION FOR ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT, 42 U.S.C. § 406(b)

Currently before the Court is Plaintiff's counsel's Application for Attorney Fees under the Social Security Act, 42 U.S.C. §§ 406(b)(1)(A) and 1383(d)(2)(A) [Doc. 24]. The Commissioner filed a timely Response [Doc. 25] opposing the amount of fees requested, and Plaintiff thereafter filed a timely Reply [Doc. 26]. Through the present Motion, Plaintiff's counsel asks the Court to award him $27,310 in attorney fees pursuant to 42 U.S.C. § 406(b). After careful review of the record in this case and the applicable law, the Court finds the requested amount to be reasonable and therefore **GRANTS** Plaintiff's counsel's Motion.

## BACKGROUND

Plaintiff, represented by Robin Bargeron, applied for disability benefits under the

Social Security Act in January 2003 alleging that he was disabled as a result of physical and/or mental impairments. A Social Security Adminstrative Law Judge ("ALJ") denied Plaintiff's application for benefits, and the Appeals Council subsequently denied review.

Having exhausted the administrative claims process, Plaintiff retained attorney Michel Phillips to seek judicial review of the denial of his benefits. Plaintiff executed a contingency fee agreement wherein he agreed Phillips's fee for handling the appeal in this Court would be the greater of (a) 25 percent of any retroactive disability benefits due Plaintiff and Plaintiff's family, or (b) any fee awarded to counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Almost four years ago, n June 9, 2006, Phillips filed a complaint in this Court seeking reversal of the Appeals Council's decision. The case was referred to a magistrate judge who evaluated the record and applicable law and issued a report recommending that the case be remanded. On September 25, 2007, this Court adopted the Magistrate Judge's report and recommendation in its entirety and entered judgment remanding the case to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g).

On December 22, 2007, Phillips filed an application for attorney's fees under the EAJA. Based on 33.8 hours of billed work at a rate of 161.25 per hour,[1] Phillips requested

---

[1] Counsel stated that the $161.25 hourly rate represented "the EAJA statutory rate of $125.00 adjusted upward using the Consumer Price Index for the month in which Plaintiff's counsel did the most work on this case."

$5,450.25 in fees and $48.37 in expenses, for a total amount of $5,498.62. On January 18, 2008, this Court granted counsel's request and awarded $5,498.62 in attorney's fees and costs under the EAJA.

Meanwhile, the administrative proceedings following the Court's remand continued. On remand, Plaintiff was again represented by Bargeron. The ALJ held a new hearing and once again denied benefits. The Appeals Council, however, reversed the ALJ and found Plaintiff disabled. Pursuant to the Appeals Council's fully favorable decision, Plaintiff's application for disability benefits was approved, and Plaintiff and his minor children were awarded $130,440 in total past-due social security benefits. The Social Security Administration granted Plaintiff's administrative counsel, Robin Bargeron, a 42 U.S.C. § 406(b) fee of $5,300 for her representation of Plaintiff in the proceedings held before the Administration.

Thereafter, Phillips filed the application for attorney's fees under 42 U.S.C. § 406(b) currently at bar. Phillips moves the Court for an award of $27,310 to be paid out of Plaintiff's $130,440 benefits award. Phillips has reduced the amount of his 406(b) fee request (25% of the past-due benefits award) by the $5,300 amount already awarded to Bargeron by the SSA. When the requested $27,310 is combined with the $5,300 already awarded, the total in requested attorney's fees equals $32,610, which is 25% of Plaintiff's $130,440 benefits award. Phillips recognizes that upon any award under § 406(b), he must

3

refund the hourly-rate EAJA fee of $5,450.25 previously awarded by this Court.[2] Thus, when the fee amount is reduced by both the SSA award and the EAJA award, Plaintiff's out-of-pocket attorney's fee expense will be $21,859.75, or 16.8% of past-due benefits. The Commissioner opposes the fee as excessive and argues it would be a windfall.

**DISCUSSION**

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee that does not exceed 25% of the past-due benefits awarded. Thus, contingency agreements are allowed. Indeed, "any endeavor by the claimant's attorney to gain more than" an authorized "fee, or to charge the claimant a non-contingent fee, is a criminal offense." Gisbrecht v. Barnhart, 535 U.S. 789, 806-07 (2002). The statute "calls for court review of [contingent] arrangements as an independent check, to assure that they yield reasonable results in

---

[2] The EAJA, pursuant to which Phillips has already received $5,450.25, provides for an award of attorney's fees *against the government*. Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985). Phillips now additionally seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides for attorney's fees payable *out of the Plaintiff's past-due benefits award*. Parties may seek and receive fees under both the EAJA and § 406(b). See generally id. at 1562; see also Gisbrecht v. Barnhart, 535 U.S. 789, 794-95 (2002). However, to avoid double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under both § 406(b) and the EAJA must refund the lesser amount to his client. Gisbrecht, 535 U.S. at 796; see also Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) ("[W]here, in addition [to an award under § 406(b)], the plaintiff obtains an award of attorney's fees under the EAJA, the plaintiff is simply reimbursed for the fees that, pursuant to the SSA, are taken out of past-due benefits."). In acknowledgment of this requirement, Phillips understands that he must refund the $5,450.25 previously awarded under the EAJA.

4

particular cases." Id. at 807. However, the burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id.

Although here the motion is opposed, even where a § 406(b) petition is unopposed, a court is not permitted to automatically grant the requested fee. In Gisbrecht, the Supreme court acknowledged that "Congress . . . sought to protect claimants against inordinately large fees," and so "provided for a reasonable fee, not in excess of 25 percent of accrued benefits[.]" 535 U.S. at 804-05 (internal quotation marks omitted). Therefore, any fee awarded must both (1) be reasonable, and (2) not in excess of 25 percent of accrued benefits. Although Phillips is not seeking a fee in excess of 25% of Plaintiff's past-due benefits award, the Court still must inquire into whether the requested fee is reasonable.

Generally, "[t]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client. . . ." Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 2d Cir. 1990)); see also Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005)("Since Gisbrecht . . . the district courts . . . have been deferential to the terms of contingency fee contracts in § 406(b) cases[.]") (quoting Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003)). Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for delay in the case that would result

in a greater fee due to the accumulation of back benefits, and whether the "benefits are large in comparison to the amount of time counsel spent on the case." Gisbrecht, 535 U.S. at 808 (citations omitted).

In this case, Plaintiff entered into a fee agreement with Phillips agreeing to pay "[o]ne-fourth (25%) of any retroactive Title II and Title XVI benefits due [Plaintiff] and [Plaintiff's] family[.]" See Federal Court Attorney Retainer and Fee Agreement, Doc. 24-6. Additionally, there is no evidence or indication that Phillips was responsible for any delay in this case that would result in an inequitable profit. Moreover, Phillips, an experienced, reputable, and capable attorney who practices almost exclusively in the area of Social Security law, filed well-organized, well-reasoned briefs, which ultimately led to the reversal and remand of the case. The issues set forth in over 90 pages of briefs and supporting documents, while perhaps not entirely novel or extraordinarily complex, were developed appropriately and the discussion thereof reflected a high degree of conscientiousness. The arguments were tailored to the specific circumstances of the case, and this was not a case in which a generic brief was hurriedly customized. Rather, the grounds urged for reversal were lucidly presented, and the advocacy was ultimately persuasive.

Counsel's performance was obviously not substandard, whereas the prospect of any recovery was uncertain. By assuming this representation, Phillips assumed a significant

risk that he may never recover a § 406(b) fee for his efforts. Taking into account the risk counsel assumes in a contingency case, as well as the fact that the requested fees are not out of line with other fee requests approved by district courts in this circuit, the Court finds, despite the Commissioner's arguments to the contrary, that the requested $27,310 in attorney's fees for 33.8 hours of work is reasonable and should not be characterized as a windfall. The Court acknowledges that while the hours spent may appear disproportionate to the award, Plaintiff and Phillips entered into an agreement, within the statutory maximum, which secured representation for Plaintiff of very capable and experienced counsel. This Court recognizes that

> a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. . . . [Thus,] [t]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.

Wells, 907 F.2d at 371(internal citations omitted).

## CONCLUSION

In accordance with the foregoing, Plaintiff's Application for Attorney Fees under the Social Security Act, 42 U.S.C. §§ 406(b)(1)(A) and 1383(d)(2)(A) [Doc. 24] is hereby **GRANTED**. Plaintiff's counsel is authorized to receive $27,310 in attorney's fees pursuant to 42 U.S.C. § 406(b). Counsel is directed to refund to Plaintiff the hourly-rate

7

EAJA fee of $5,450.25 previously awarded by this Court.

SO ORDERED this 20th day of May, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

SSH/apg